FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01991-BNB

JACQUELINE L. DEGARMO, and
ALISIA E. BLYTHE,

    Plaintiffs,

v.

MICHAEL YORTY, Both in His Individual Capacity and as a Glenwood Police Officer,
GLENWOOD SPRINGS POLICE DEPARTMENT, as Police Dept. City of
    Glenwood SP. [sic] CO,
GARFIELD COUNTY SHERIFF'S OFFICE, as Sheriff's Office and Employees, Garfield
    County Co,
CITY OF GLENWOOD SPRINGS as City of Glenwood Springs, CO,

    Defendants.

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiffs, Jacqueline DeGarmo, and her daughter, Alisia Blythe, initiated this action by filing *pro se* a Complaint asserting a deprivation of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs filed an amended complaint on August 15, 2011. Each Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court will construe the amended complaint liberally because the Plaintiffs are not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellman**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. Plaintiffs therefore will be directed to file a second amended complaint for the reasons

discussed below.

Plaintiffs allege that on August 9, 2009, Plaintiff DeGarmo was arrested falsely by Defendant Glenwood Springs Police Officer Yorty for felony forgery and theft after she engaged in a cash transaction with a $20.00 bill she found in her front yard, not knowing that the bill was counterfeit. Plaintiffs allege that Defendant York subjected DeGarmo to a custodial interrogation without giving her a *Miranda*[1] advisement, then arrested her without probable cause and booked her into the Garfield County jail where she was detained approximately six and a half hours. Plaintiffs allege that jail staff made intimidating comments to DeGarmo during her detention, refused to allow her a telephone call and forced her to wear unsanitary jail clothing. After Plaintiffs posted bond and was released, the Garfield County District Attorney dismissed the felony criminal charges against DeGarmo, stating that "the police officer got this one wrong." Amended compl., attach. at 4. The Glenwood Springs Chief of Police apologized to Plaintiff DeGarmo for Defendant Yorty's actions. *Id.* Plaintiffs assert that the Defendants have violated Plaintiff DeGarmo's Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights and seek compensatory damages.

Plaintiffs may not sue the Glenwood Springs Police Department because the department is not separate from the municipality of Glenwood Springs, Colorado, and, therefore is not a person subject to suit under § 1983. **See *Stump v. Gates***, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Likewise, the Garfield County Sheriff's Office is not an entity separate from Garfield County. In

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 467-74 (1966).

addition, a local government entity such as Glenwood Springs or Garfield County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiffs cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Furthermore, if Plaintiffs intend to sue Garfield County employees who work at the jail, they may do so by using a fictitious name, such as "John or Jane Doe," if the tortfeasor's real name is unknown. However, if Plaintiffs use a fictitious name they must provide sufficient information about the defendant so that the defendant can be identified for purposes of service. In addition, Plaintiffs are advised that personal participation by the defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiffs must therefore show that any named John or Jane Doe defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (liability under § 1983 requires an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise). Accordingly, it is

ORDERED that Plaintiffs, Jacqueline DeGarma and Alisia Blythe, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiffs shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiffs fail to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiffs' claims against Defendants Glenwood Springs Police Department, Garfield County Sheriff's Office, and the City of Glenwood Springs, for the reasons discussed in this Order.

DATED at Denver, Colorado, this 12th day of September, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01991-BNB

Jacqueline L DeGarmo and
Alisia E Blythe
4046 S Logan St
Englewood, CO 80113

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 12, 2011.

                                      GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                    Deputy Clerk