IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01991-BNB

JACQUELINE L. DEGARMO, and
ALISIA E. BLYTHE,

      Plaintiffs,

v.

MICHAEL YORTY, Both in His Individual Capacity and as a Glenwood Police Officer,
CITY OF GLENWOOD SPRINGS, as the City of Glenwood Springs, CO, and
GARFIELD COUNTY SHERIFF'S OFFICE, as Sheriff's Office and Employees Garfield
County, CO.

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 8 2011

GREGORY C. LANGHAM
                        CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiffs, Jacqueline DeGarmo, and her daughter, Alisia Blythe, initiated this action by filing *pro se* a Complaint asserting a deprivation of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs filed an amended complaint on August 15, 2011. Each Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On September 12, 2011, Magistrate Judge Boyd N. Boland determined that the amended complaint was deficient because Plaintiffs failed to allege facts to show that the municipal defendants could be held liable under § 1983. Accordingly, Magistrate Judge Boland directed the plaintiffs to file an amended complaint within thirty days. Plaintiffs submitted a (second) amended complaint on October 4, 2011.

      The Court must construe the second amended complaint liberally because

Plaintiffs are not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiffs allege that Defendant Officer Yorty was summoned to the Glenwood Hot Springs pool on August 9, 2009, after Plaintiff DeGarmo paid for Plaintiffs' entrance to the pool with a with a $20.00 bill she found in her front yard, not knowing that the bill was counterfeit. Plaintiffs further allege that Defendant Yorty subjected DeGarmo to a custodial interrogation without giving her a *Miranda*[1] advisement, then arrested her on charges of felony forgery and theft without probable cause and booked her into the Garfield County jail where she was detained for approximately six and a half hours. Plaintiffs allege that jail staff made intimidating comments to DeGarmo during her detention, refused to allow her a telephone call and forced her to wear unsanitary jail

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 467-74 (1966).

clothing. After Plaintiff DeGarmo posted bond and was released, the Garfield County District Attorney dismissed the felony criminal charges and told DeGarmo that "the police officer got this one wrong." Second amended compl., at 17. The Glenwood Springs Chief of Police apologized to Plaintiff DeGarmo for Defendant Yorty's actions. *Id.* Plaintiffs assert that the Defendants have violated Plaintiff DeGarmo's constitutional rights and seek compensatory damages.

Plaintiffs have sued an improper party. The Garfield County Sheriff's Office is not an entity separate from Garfield County and is not a person subject to suit under § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The Garfield County Sheriff's Office will be dismissed from this action. Plaintiffs' claims against the Garfield County Sheriff's Office will be construed liberally as claims against Garfield County.

Garfield County may not be held liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Myers v. Oklahoma County Bd. of County Comm'rs**, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiffs cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Plaintiffs assert that DeGarmo's constitutional rights were violated during her six-hour detention at the Garfield County jail, but Plaintiffs do not allege any facts to demonstrate that a policy or custom of Garfield County was responsible for the alleged unconstitutional conduct. Garfield County therefore may not be held liable under 42 U.S.C. § 1983 and will be dismissed as an improper party to this action.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Plaintiffs' claims against Defendants Yorty and the City of Glenwood Springs do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Garfield County Sheriff's Office and Garfield County are dismissed as parties to this action for Plaintiff's failure to allege a causal link between the alleged constitutional deprivations and a policy or custom of Garfield County. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __18th__ day of ___October___, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01991-BNB

Jacqueline L DeGarmo and
Alisia E Blythe
4046 S Logan St
Englewood, CO 80113

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 18, 2011.

                                      GREGORY C. LANGHAM, CLERK

By:_____
                        Deputy Clerk