IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01991–REB–KMT

JACQUELINE L. DEGARMO, and
ALISIA E. BLYTHE,

    Plaintiffs,

v.

MICHAEL YORTY, both in his individual capacity and as a Glenwood Police Officer, and
CITY OF GLENWOOD SPRINGS, as the city of Glenwood Spring Co.,

    Defendants.

## ORDER

    This matter is before the court on Plaintiffs' "Clarification Letter" (Doc. No. 15, filed November 2, 2011), construed by this court as a motion for reconsideration of Judge Lewis T. Babcock's "Order to Dismiss in Part" filed on October 18, 2011. (Doc. No. 11.)

    The Federal Rules of Civil Procedure do not recognize a motion to reconsider or rescind a previous court order. A litigant subject to an adverse judgment, and who seeks reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) applies when the motion for relief is filed within twenty-eight days of the order or judgment; Rule 60(b) governs all other motions.

The Court's Order granting in part Defendants' Motion for Entry of Protective Order was entered on October 18, 2011. Therefore, because Plaintiffs' present Motion was filed on November 2, 2011, this court will consider Plaintiffs' Motion under Rule 59(e).

Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs do not argue or demonstrate that there has been an intervening change in controlling law, that there is new evidence, or that there is a need to correct clear error or to prevent injustice.

Instead, the plaintiffs appear to request legal advice or clarification as to why their claims against various Jane and John Doe defendants and the Garfield Sheriff's Office have been dismissed. To the extent that Plaintiffs do not understand the basis for, purpose of, or legal ramifications of the Court's Order dismissing various defendants, they may choose to obtain counsel or legal advice. However, the court is not permitted to give legal advice to litigants.

Accordingly, it is

ORDERED that Plaintiff's Plaintiffs' "Clarification Letter" or motion for reconsideration (Doc. No. 15) is DENIED.

Dated this 3rd day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge