IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01991–REB–KMT

JACQUELINE L. DEGARMO, and
ALISIA E. BLYTHE,

    Plaintiffs,

v.

MICHAEL YORTY, both in his individual capacity and as a Glenwood Police Officer, and
CITY OF GLENWOOD SPRINGS, as the city of Glenwood Spring Co.,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Motion to Stay" (Doc. No. 28 [Mot.], filed December 16, 2011). Plaintiffs filed their response on January 11, 2012 (Doc. No. 32 [Resp.]), and Defendants filed their reply on January 25, 2012 (Doc. No. 34 [Reply]). The motion is ripe for ruling.

Plaintiffs filed this suit pursuant to 42 U.S.C. § 1983, alleging Defendants violated their constitutional rights and also violated several criminal statutes. (*See* Doc. No. 10 at 4.) Defendants filed a Motion for Summary Judgment (Doc. No. 27), and this court filed its Recommendation that the motion for summary judgment be granted (Doc. No. 45)**.** Defendants also filed the present Motion seeking a stay of discovery pending ruling on the Motion for Summary Judgment based on qualified immunity. (*See* Mot.)

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.  The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010).  Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").  When considering a stay of discovery, this court has considered: 1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2.

Defendants argue discovery should not be allowed until the question of qualified immunity is resolved.  Defendants also argue that the court's convenience, the interests of non-parties, and the public interest in general weigh in favor of a stay pending determination of the motion for summary judgment.  Based on the Recommendation that Defendants' Motion for Summary Judgment should be granted, the court agrees with the defendants and finds a stay of discovery is appropriate.  Therefore, it is

**ORDERED** that Defendants' "Motion to Stay" (Doc. No. 28) is **GRANTED**.  Defendants shall file a status report within five days of ruling on their Motion for Summary Judgment, if any of this case remains pending in this court.  It is further

**ORDERED** that Plaintiffs' "Request to Proceed to View Video Footage That's Been Subpoenaed and Continue Depositions and Discovery" (Doc. No. 37) and Plaintiff's "Motion for Committee to Investigate D.C.COLO.LCivR 83.4 and 83.5 A-M" (Doc. No. 41) are **DENIED** without prejudice.  If, after the District Court's ruling on the Motion for Summary Judgment, any portion of this case remains, the court will set a scheduling conference and a discovery schedule.

Dated this 8th day of May, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge